UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DR. PATT MCGUIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 2818 CDP |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Dr. Patt McGuire, Ph.D., acting *pro se*, originally filed this case in state court in August of 2017. At that time she alleged employment discrimination in violation of state law. Defendants removed the case to federal court after plaintiff filed an "Amended Petition (Complaint) and Exhibits – Permission Granted by The Judge Kristine Allen Kerr," which added claims under federal law. Plaintiff alleges that she is a full-time employee of St. Louis County, Missouri. She alleges that defendants failed to promote her on the basis of her race, gender and age and that defendants retaliated against her when she complained about the discrimination.

The Amended Complaint alleges that defendants violated the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.111, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2003(e), *et seq*. A "Memorandum of Law in Support of Amended Complaint" filed by plaintiff along with the Amended

Complaint added claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Plaintiff also attached a declaration and more than 450 pages of exhibits. Plaintiff seeks compensatory damages of $4 million, punitive damages of $10.5 million, plus $500,000 or $350 per hour (whichever is greater) as attorneys' fees for her *pro se* work on the case. ECF Doc. 4 at ¶ 23.

In the approximately two months the case has been pending in this Court, plaintiff has filed over fifty additional motions and other documents. Many of the documents are either copies of documents she has already filed, or repeat the same arguments made in her other filings. Most add allegations of what she considers continuing improper treatment by defendants and others with whom she works. She also filed an additional state-court lawsuit, which has now been removed and is pending before another judge of this Court. *Dr. Patt McGuire vs. Jerry Edwards and St. Louis County*, Case No. 4:18CV71 CAS.

## Plaintiff's Motions to Remand

Plaintiff has filed several documents arguing that this case should be returned to state court. *See* ECF Docs. 13, 17, 18, 19, 28, 31, 34, 41. Defendants removed the case pursuant to 28 U.S.C. § 1441(a), on the basis of federal question jurisdiction under 28 U.S.C. § 1331. The face of the Amended Complaint shows that plaintiff is claiming that she is entitled to relief under federal law, and so federal-question jurisdiction exists. Removal was timely and otherwise

procedurally proper. Plaintiff does not actually argue, in any of her many filings, that this Court lacks jurisdiction; instead she simply argues that the state court would be better suited to hear the case. This is not a reason to remand the case. Jurisdiction is proper in this Court and so I will deny the motions to remand.

## **Defendants' Motions to Dismiss**

All defendants have filed motions to dismiss the Amended Complaint under Rule 12(b)(6), Federal Rules of Civil Procedure, and plaintiff has filed multiple responses to each motion. When considering a Rule 12(b)(6) motion, I assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Although *pro se* complaints "are to be construed liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), they still must allege sufficient facts to support the claims advanced." *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

All defendants argue that the Amended Complaint fails to allege sufficient facts to state a claim for employment discrimination or retaliation. I agree as to three of the individual defendants. The Amended Complaint makes no allegations

3

against Defendants Judge Thea A. Sherry or Sue Daniels. In one of her responses, plaintiff asserts that Judge Sherry is a proper defendant because she "is working in a capacity that gives her and when the violation occurred gave her the authority to issues remedies to address the acts of discrimination, retaliation act, and harassment against the Plaintiff." ECF Doc. 22 at p. 2. The only allegation against defendant Lacy Rakestraw is: "The plaintiff has reason to believe Lacy Rakesfraw [*sic*] actions on August 28, 2017 were encouraged by outside forces." ECF Doc. 4 at ¶ 5. The complaint does not allege sufficient facts to support a claim against these defendants under any of the statutes on which plaintiff relies, and I will grant the motions to dismiss as to defendants Judge Sherry, Sue Daniels, and Lacy Rakestraw in their entirety.

Defendant St. Louis County and the remaining individual defendants, Cliff Faddis, Cheryl Campbell, Marshall Day and Ben Burkemper, also argue that the factual allegations against them are insufficient. Plaintiff has alleged, however, that each of these defendants was involved somehow in the decisions not to promote her or in acts of retaliation. She has also alleged that defendants promoted less qualified and younger white males to the positions she sought. Liberally construed, as is required for this *pro se* plaintiff, these factual allegations are sufficient for the claims against these defendants to proceed. These defendants

have other arguments, however, for why the claims should be dismissed, and some of those arguments are correct.

The remaining individual defendants argue that the definitions of "employer" in Title VII, the ADEA, and the MHRA do not include individual supervisors or co-workers and so they cannot be held liable under those acts. They are correct with respect to any claims under Title VII and the ADEA, *see Bonomolo-Hagen v. Clay Cent.-Everly Comm. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir.1997) (Title VII); *Kelleher v. Aerospace Comm. Credit Union,* 927 F.Supp. 361, 363 (E.D. Mo.1996) (ADEA). I will therefore grant the motion to dismiss the Title VII and ADEA claims against the remaining individual defendants and those claims may only proceed against St. Louis County. But the issue is much more complicated with respect to the Missouri Human Rights Act.

Until last year, individuals such as these defendants could be held liable under the MHRA. The state law was amended, however, and the amendment was effective on August 28, 2017, the same day that plaintiff filed her lawsuit in state court. The amendment changed the definition of "Employer" under the Act to exclude individuals such as the individual defendants here. *See* Mo. Rev. Stat. § 213.010.1(8). Plaintiff is alleging actions that took place before the amendment was effective, and she filed her charges of discrimination before the effective date.

Defendants argue that the change in the law was merely a "procedural" and "remedial" change and therefore the new provision is retroactive.

I have found only one reported case considering this issue, *Woodruff v. Jefferson City Area YMCA*, No. 17-4244-CV-C-WJE, 2018 WL 576857 (W. D. Mo. Jan. 27, 2018). This federal decision held that the changes to § 213.010(8) were not retroactive, and did not apply to a MHRA claim based on acts occurring before the effective date of the change in the law, even though the lawsuit was not filed until after the amendment's effective date. *Id.* at * 3. The Court reasoned that if the law were retroactive it would remove the cause of action plaintiff would otherwise have had against the individual defendants, and that therefore it must be substantive, and not merely procedural. *Id*. The Court also noted that if the law applied to conduct that had occurred before its effective date it would violate the Missouri Constitution's ban on *ex post facto* laws. *Id.*

The reasoning of the *Woodruff* court appears correct to me, although I recognize that this is an important issue of Missouri law that has not yet been decided by the Missouri courts. I will deny the motion to dismiss on this basis at this time, although defendants may, of course, re-raise the issue if Missouri courts should reach a different conclusion while this case is pending.

Defendants also move to dismiss certain claims contained in the Amended Complaint because plaintiff did not exhaust her administrative remedies under the

6

MHRA, Title VII or the ADEA. Plaintiff attached two EEOC/MCHR charges and two Right to Sue letters to her Amended Complaint. ECF Doc. 4-4 at p.p., 118, 122, 124, 125. The first charge was filed on Feb 15, 2017, and checked the boxes for discrimination based on race and sex. It alleged that she learned in August and September 2016 that she "had not been hired in the Supervisor or the Program Specialist roles," and that instead "less experienced and less qualified Caucasian males were hired." ECF Doc. 4-4 at p. 118. The Right to Sue letter related to this charge was sent on August 25, 2017. ECF Doc. 4-4 at p. 125. The second charge was filed on June 28, 2017, and checked the boxes for retaliation and continuing action. It alleged that since filing her February 2017 charge she had "been denied promotional opportunities and been subjected to unfair criticism" and that she "applied for two positions for which [she] was qualified – Detention Supervisor and Exchange Center Coordinator – and was not selected." She also alleged that "as recently June 27, 2017" she was wrongly reported for not acknowledging the shift supervisor when she left work, and that this was retaliatory. The right to sue letter on this charge was issued on September 5, 2017. ECF Doc. 124.

     Defendants are correct that plaintiff failed to allege age discrimination in her charges of discrimination, and so her claims of age discrimination must be dismissed. Defendants also argue that because she only named the St. Louis County Family Court as her employer, she has failed to exhaust as to the

7

individuals. It is not appropriate to dismiss on that basis at this time, however, as the record before me does not allow me to determine whether the remaining individual defendants had the substantial identity of interests with St. Louis County to subject them to individual liability under the tests adopted by the Missouri Courts in *Hill v. Ford Motor Co.,* 277 S.W.3d 659, 669-70 (Mo. 2009)(adopting test set out in *Glus v. G.C Murphy,* 562 F.2d 880, 888 (3rd Cir. 1997)).

Finally, defendants are correct in arguing that plaintiff may not bring claims for any acts that occurred earlier than 180 days before her MCHR/EEOC charge. The first of those charges was filed on February 15, 2017, so plaintiff may not bring any claims for acts that occurred before August 15, 2016.

To summarize, my rulings on defendants' motions to dismiss result in only the following claims remaining: Plaintiff's claims for race and gender discrimination and retaliation against St. Louis County under Title VII and the MHRA for acts occurring after August 15, 2016 that are like or reasonably related to the acts alleged in the charge of discrimination, and plaintiff's claims against individual defendants Cliff Faddis, Cheryl Campbell, Marshall Day and Ben Burkemper for race and gender discrimination and retaliation under the MHRA for acts occurring after August 15, 2016 that are like or reasonably related to the acts alleged in the charge of discrimination.

### Plaintiff's Motions to Add Party and Consolidate Cases

Plaintiff has filed several motions and other documents regarding actions allegedly taken by non-party Jerry Edwards after she filed this suit. In some of those documents she asks that he be added as a party, and in others she asks that this case and the new state-court case she filed against Edwards be consolidated. There is no legal basis or mechanism for consolidating state and federal cases. Although the new case to which she refers has now been removed to this federal court, plaintiff has not complied with the Local Rule regarding Motions to Consolidate, nor has she shown that there are valid reasons to consolidate the two cases. The motions related to Jerry Edwards will be denied.

### Plaintiff's Motions for Emergency Injunctive Relief

Plaintiff has filed several motions seeking emergency injunctive relief. None of the motions are directly related to her underlying claims framed by the Amended Complaint. Instead, it appears that whenever anything happens to her on the job that she does not agree with, she asks for a Court order. Federal courts "do not sit as a super-personnel department" that can reexamine every business decision made by an employer. *Torlowei v. Target,* 401 F.3d 933, 935 (8th Cir. 2005) (citing *Wilking v. County of Ramsey*, 153 F.3d 869, 873 (8th Cir. 1998)). In any event, nothing in plaintiff's papers shows any likelihood that she could meet the very heavy burden to obtain emergency equitable relief.

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. In the Eighth Circuit, these four factors are known as the "*Dataphase* " factors, based upon the 1981 en banc case, *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). The party requesting injunctive relief bears the "complete burden" of proving that an injunction should be granted. *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir. 1987).

Plaintiff has not met her burden of showing any of the *Dataphase* factors. First, this is a garden-variety employment discrimination case and money damages would be sufficient to remedy any violation that plaintiff might prove. Nothing in the thousands of pages that plaintiff has filed is there any indication that she is likely to suffer irreparable harm if an injunction is not granted. Similarly, nothing in those thousands of pages indicates that she is likely to succeed on the merits of the case. She is continuing to work for St. Louis County while this case proceeds, and the Court cannot sit as a super-personnel department to review her treatment at

work on a daily basis, which appears to be what she seeks. I will deny the motions for injunctive relief.

## Conclusion

As set out above, some of plaintiff's claims against some defendants have survived the motions to dismiss. Those defendants must therefore answer the Amended Complaint within the time set by the Federal Rules of Civil Procedure. I will separately set this case for a Rule 16 Scheduling Conference, and I will maintain the stay of discovery previously entered until after that conference. I will deny all the miscellaneous motions related to discovery, and at the Rule 16 conference will discuss with plaintiff and counsel for the remaining defendants an orderly schedule for taking any discovery that is necessary in this case.

Finally, the Court must caution plaintiff that even though she is representing herself in this matter, she is required to comply with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of this Court. *See Bunch v. University of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). A *pro se* litigant is not excused from complying with court orders or substantive and procedural law. *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002). The vast majority of the filings plaintiff has made since her case was removed here fail to comply with the rules. Additionally, many of them make

statements that are directly contrary to the law (such as her arguments that the case must be remanded to state court because "State Court specializes in civil cases." ECF Doc. 31 at p. 3). Plaintiff's *pro se* status is not an excuse for making frivolous arguments or failing to follow the rules. Plaintiff is cautioned to comply with the Rules and with all Court Orders, including the Order Setting Rule 16 Conference that will be entered separately.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [13] is denied.

**IT IS FURTHER ORDERED** that defendant Judge Thea A. Sherry's motion to dismiss [10] is granted and the claims against Judge Sherry are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the motion to dismiss [14] filed by St. Louis County, Cliff Faddis, Sue Daniels, Cheryl Campbell, Marshall Day, Ben Burkemper and Lacy Rakestraw is granted only to the following extent, and is otherwise denied:

All claims based on the Age Discrimination in Employment Act are dismissed with prejudice for failure to exhaust administrative remedies;

All claims against defendants Sue Daniels and Lacy Rakestraw are dismissed with prejudice;

All claims against the individual defendants based on Title VII are dismissed with prejudice; and

All claims based on acts occurring before August 15, 2016 are dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions for an emergency injunction [35, 58, 63] are denied.

**IT IS FURTHER ORDERED** that plaintiff's motions to add party and to consolidate cases [32, 36, 42, 56, 61, 64] are denied.

**IT IS FURTHER ORDERED** that all discovery remains stayed as set out in my December 12, 2017 Order [ECF Doc. 29] pending the Rule 16 scheduling conference.

**IT IS FINALLY ORDERED** that all other pending motions are denied either as moot or as being without merit.

A separate Order setting a Rule 16 Scheduling Conference is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2018.