UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. PATT MCGUIRE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:17 CV 2818 CDP |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

I have examined the various motions before me, and am concerned that plaintiff Dr. Patt McGuire has not complied with her discovery obligations in this case. I am also concerned that she is abusing the discovery process and the Court process by making frivolous arguments and filing baseless motions. For example, she filed a motion to compel before the deadline for responding to the discovery request had even passed. She seeks sanctions for defendant's failure to appear at a Rule 30(b)(6) deposition when the defendants had served objections to the deposition, filed a motion to quash, and notified her that they would not appear. She continues to file motions asking me to change previous rulings, and she continues to file multiple motions and other documents making the same objections and arguments which I have already rejected, as well as making duplicative demands for discovery that defendants have either already produced or that are not relevant to any of the issues in this case.

Of most concern, plaintiff failed to answer numerous questions in her deposition that should have been easy to answer. She refused to verify that she wrote documents shown to her in the deposition, saying that she could not answer because she did not have her original documents with her. She made very lengthy and somewhat nonsensical answers to questions that could have been answered with a simple yes or no. For example, she would not answer the question whether she had ever used her work computer to prepare or research matters for this case while on duty. When she was asked to explain allegations in her complaint, such as what she was referring to by "black balling," she refused to answer, but at the same time refused to state whether she intended to introduce evidence of "black balling" at trial.[1] She refused to answer the question whether, during the time she worked the night shift, she ever asked to work the day shift. This conduct is not acceptable, and I caution plaintiff that if she continues in her refusal to comply with the Federal Rules of Civil Procedure, she will face sanctions, which could include dismissal of her lawsuit with prejudice.

Having fully considered all the pending motions, I rule as follows:

---

[1] In my Order dated February 5, 2018 I dismissed plaintiff's claims of age discrimination as unexhausted and I dismissed any claims she raised about discrimination before August 16, 2016, because her EEOC/MHCR charge was not filed until February 15, 2017. This ruling does not, however, mean that nothing that happened before that date may be inquired into in discovery. Some things before that date may in fact be relevant and discoverable, within the limits of Rule 26(b).

**IT IS HEREBY ORDERED** that defendants' Motion to Compel the Continuation of Plaintiff's Deposition and to Compel Plaintiff to Answer Questions [117] is GRANTED. Defendants may take an additional seven hours of deposition of plaintiff; plaintiff is ordered to answer the questions asked (including, but not limited to those she failed to answer before), and is directed that she cannot refuse to answer questions unless she is objecting on the ground that the answer is protected by a privilege.

**IT IS FURTHER ORDERED** that defendants' Motion to Amend the Case Management Order [138] is granted only as follows, and all other provisions remain in effect:

> Any motions for summary judgment must be filed no later than **January 28, 2019**. Opposition briefs must be filed no later than thirty days after the motion or **February 27, 2019**, whichever is earlier. Any reply brief may be filed no later than twenty days following the response brief or **March 18, 2019**, whichever is earlier.

**IT IS FURTHER ORDERED** that defendants' Motion to Quash Notice of Deposition [124] is granted for the reasons stated in defendants' motion and objections.

**IT IS FURTHER ORDERED** that plaintiffs' motions are denied as follows: motions regarding Cheryl Campell's deposition [120, 132] are denied as duplicative and previously ruled; motions to compel St. Louis County to provide a corporate designee and for sanctions [123, 127, 140] are denied and defendants'

objections, including those to the vagueness of the notice, are sustained; motion filed on November 1, 2018 to compel responses to requests served on October 5, 2018 [133] is denied as premature and for failure to meet and confer and attempt to resolve any disputes; motion to compel defendant to produce all positions plaintiff applied for back to 2002 [134] is denied as the burden of producing the evidence is out of proportion to its likely benefit, especially given its lack of relevance to the issues in this case; motion asking the court to deny any relief sought by any defendant [139] "because Defendants have demonstrated strong disrespect" to the court is denied as contradicted by the record (in fact, it is plaintiff who has demonstrated disrespect for the judicial process); motion asking the Court to honor all established dates [141] is denied because it does not allege that any dates have not been complied with; to the extent that this motion is an opposition to defendants' motion to extend the deadline for filing summary judgment motions it is denied; motion asking this Court to review motions filed in a different state court case [143] is denied as the Court lacks jurisdiction to do any such thing, as plaintiff well knows; motion for reconsideration [145] of previous order is denied as the Court believes the previous orders were correctly decided.

**IT IS FURTHER ORDERED** that plaintiff Dr. Patt McGuire is warned that her continued failure to comply with the Federal Rules of Civil Procedure,

including but not limited to her continued refusal to follow the rules of discovery, may result in sanctions, including, if requested, dismissal with prejudice.

*signature*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of November, 2018.