**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DR. PATT MCGUIRE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | 4:17-CV-02818-CDP |
| ) | |
| v. ) | |
| ) | |
| ST. LOUIS COUNTY, et al. ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANTS' MOTION FOR SANCTIONS, OR IN THE ALTERNATIVE TO COMPEL, TO CONTINUE PLAINTIFF'S DEPOSITION, FOR A PROTECTIVE ORDER, AND FOR AN AMENDED SCHEDULING ORDER**

COME NOW Defendants St. County, Cliff Faddis, Cheryl Campbell, Marshall Day, and Ben Burkemper, and pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, ask this Court to grant their Motion for Sanctions, or in the alternative to compel plaintiff to answer questions asked of her by Defendants' counsel during deposition.  Defendants further ask the Court to issue a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure regarding plaintiff's conduct during the deposition.  They ask the Court to grant them an additional seven hours to depose the plaintiff, and to modify the Case Management Order. As grounds for the Motion, Defendants state as follows, and further submit an accompanying Memorandum of Law.

1. This Court issued an Order on November 26, 2018, directing plaintiff to answer defendants' counsel's questions, and to submit to another seven hours of deposition.

2. Plaintiff refused to answer the vast majority of questions posed her by counsel during the continuation of the court ordered deposition on December 17, 2018, by asserting "trial preparation privilege."

3. A copy of the December 17 deposition is attached.

4. Plaintiff's objections are frivolous and unfounded, and she failed to comply with the Federal Rules of Civil Procedure.

5. Plaintiff disobeyed this Court's Order of November 26, 2018 to answer counsel's questions.

6. Plaintiff answered only fourteen questions during the hour and a half the deposition lasted.

7. Plaintiff insisted on spending over ten minutes to compare a one page letter she wrote with a stack of documents she brought with her to the deposition.  She advised that she would need a comparable amount of time to go through a similar process with each exhibit presented her during the deposition.

8. Defendants' counsel was forced to cut the deposition short due to the lack of plaintiff's cooperation.

9. Defendants' counsel attempt to resolve their discovery disputes with plaintiff as reflected in the transcript, but disputes still remains.

10. If the Court declines defendants' request to sanction plaintiff by dismissing her lawsuit, defendants need an additional seven hours to depose plaintiff, and a modification of the Case Management Order.

11. Defendants file a Memorandum of Law in Support of their instant Motion, which contains additional explanations of and reasoning for their Motion, which they incorporate herein.

WHEREFORE, for the above stated reasons as well as those included in the accompanying Memorandum of Law and Deposition Transcript, Defendants ask the Court to

grant their Motion for Sanctions and to dismiss Plaintiff's lawsuit with prejudice.  They further ask the Court to order plaintiff to pay for the attorneys' fees and expenses associated with attending the December 17, 2018 deposition, and for preparing and filing the instant motion. Alternatively, Defendants ask the Court to strike ¶ 24.4; ¶ 24.9; ¶ 24.12; ¶ 24.15; ¶ 24.16; ¶ 25.5; ¶ 25.6; ¶ 25.7; ¶ 25.9; ¶ 25.11; ¶ 25.12; ¶ 25.17, and ¶¶24.2, 24.13, 25.2, 25.3; 25.8, 25.13 from Plaintiff's First Amended Complaint, and to prevent her from introducing evidence to support the allegations in the paragraphs.  In connection with the alternative or as a third alternative, Defendants ask the Court to overrule plaintiff's objections to privilege raised in the December 17, 2018 deposition, and order her to answer the questions asked.  Defendants further ask the Court to restrict plaintiff's practice of spending time comparing exhibits presented to her with documents in her possession, and to grant Defendants an additional seven hours to depose the plaintiff.  Finally, Defendants ask the Court to modify the Case Management Order, and to grant them sixty days to submit a Motion for Summary Judgment after they have finished deposing the plaintiff and have obtained a transcript of her testimony.  Defendants ask this Court to issue any other orders which the Court deems just.

        PETER J. KRANE
        COUNTY COUNSELOR

        /s/ Priscilla F. Gunn_____
        Cynthia L. Hoemann, #MO28245
        Priscilla F. Gunn, #MO29729
        Associate County Counselors
        41 S. Central Ave., 9th Fl.
        Clayton, Missouri 63105
        (314)615-7042/Fax (314)615-3732
        CHoemann@stlouisco.com
        PGunn@stlouisco.com
        Attorneys for St. Louis County, Cliff Faddis,

                                                                               Cheryl Campbell, Marshall Day and Ben Burkemper

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed in the Court's electronic filing system and was placed in the United States mail, addressed to Dr. Patt McGuire, 10164 Ventura Drive, St. Louis, MO 63136 this 4th day of January, 2019.


<u>/s/ Priscilla F. Gunn</u>