UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DR. PATT MCGUIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 2818 CDP |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI, | ) | |
| et al., | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Defendants seek dismissal of plaintiff's complaint as a sanction for her continuing refusal to comply with the Court's Orders and the Federal Rules of Civil Procedure. I will grant the motion because plaintiff willfully refused to comply with my November 26, 2018 Order that she submit to an additional deposition, which specified that she could not refuse to answer questions except on the basis of privilege. I issued that Order because at her first deposition plaintiff had improperly refused to answer numerous questions that were directly relevant to the allegations of her complaint. When plaintiff appeared for the resumed deposition she responded to almost every question by objecting and stating that the answer is "protected by a privilege." On some occasions she stated that the privilege she was asserting was "trial preparation information."

Plaintiff objected to questions that go to the essence of her complaint, which includes allegations that defendants "used black-balling" and retaliated against her when she applied for promotions. Counsel asked her what she meant by black-balling, who did the black-balling, when it happened, and whether there were any witnesses to the black-balling. As to each question plaintiff refused to answer and stated the answers were protected by privilege. (ECF # 168-1, Second Deposition pages 284 to 289). She gave the same answers to questions about her complaint's allegations of retaliation and whistle-blowing, what training defendants allegedly denied her, how the training would have helped her in her job, what the basis for her claim of retaliation was, what procedures she was asked to follow that two-similarly situated co-workers allegedly were not required to follow, and who the two co-workers were. (Second Deposition pages 293 to 309). All of these questions arose directly from allegations in her complaint. Her complaint alleges that defendant restricted her to the 11 p.m. to 7 a.m. shift to prevent her from being promoted, but she asserted the privilege or stated "My shift was 11 to 7, I worked my shift" in response to all questions about this allegation. (Second Deposition pages 310 to 313). She refused to answer whether she had supervised people or how many people she supervised, and then objected to a question about whether anyone had ever complained about her supervision. (Second Deposition pages 316

to 319). These questions are similar to those she had refused to answer in her first deposition, as discussed the November 26, 2018 Order.

Plaintiff has argued in multiple documents that defendants submitted a "fake" document and tampered with evidence. This issue came up in the following deposition exchange:

> Q. Did you submit a letter to management asking that your duties as on-call supervisor be put on hold until further notice due to school demands?
>
> A. Yes. And I believe you have that as an exhibit in your possession.
>
> Q. I do. So I'm going to refer you to Exhibit 24. Okay. This says at the top 10-22-12 addressed to Kelli Landaker, 501 S. Brentwood, St. Louis, 63105. Re: On-call supervisory duties. Is that the letter that you sent to Kelli Landaker asking you to be – that your duties as on-call supervisor be put on hold until further notice due to school demands? Dr. McGuire, do we need to take a break? It's been about a minute. Are you going to be able to answer the question?
>
> A. If you have exhibits that you are going to ask me to look at, then I will need you to write all the exhibits down that you have so that I can pull them before we get to them. Because if you pull a document, I need to verify what you're giving me is what I presented and I will look through my exhibits. So how do you want to proceed?
>
> Q. Just take a break now. We're going to take a ten-minute break and you can find out.
>
> A. I'm going to do this each time you present a document. If this is the only document you have, we can save time by telling me what

> document you're going to look at. If not, we're going to take a break
> every time you pull a document out because I'm going to verify what
> you're giving me is what I gave you.
>
> Q. Let's take a break.

ECF # 168-1, Second Deposition p. 319, l. 5 to p. 320, l. 11.

According to plaintiff, counsel came back from the break in four minutes instead of ten. Plaintiff objected to proceeding and defense counsel asked her how much time she needed to look for her copy of Exhibit 24. Plaintiff refused to answer further questions because she had not been given the full ten minute break. Counsel stated she would move on and table the questions about Exhibit 24, and plaintiff resumed objecting to every question because "the answer is protected by privilege." Ultimately defense counsel stated she was terminating the deposition, and plaintiff made a record that defendants were abandoning the additional deposition that had been ordered, stated she would sit there for the full seven hours, but that she did not want to come back again. (Second Deposition at pages 325 to 326).

The day after the deposition, plaintiff filed a motion asking the court not to grant additional time for the deposition because defendants had terminated it. (ECF # 164). She also filed an "Objection" (ECF # 165) stating that defense counsel had threatened her with sanctions. She objected to any sanctions being

4

imposed, and objected that counsel had used an "outdated" 2017 book containing the Federal Rules of Civil Procedure at the deposition. On January 4, 2019, I ruled on a number of motions that plaintiff had filed between my November 26 Order and the deposition, and ordered defendants to respond to plaintiff's motion asking that no additional depositions be ordered. (ECF # 167). Defendants then filed their motion for sanctions, seeking dismissal, or in the alternative an additional seven hours for the deposition and an amendment of the Case Management Order. (ECF # 168). On January 7, plaintiff filed her memorandum in Opposition to the motion for sanctions (ECF # 170) ; she also filed an additional six documents objecting to my Order and seeking her own sanctions (ECF ## 171, 172, 173, 174, 175, 176.) Then, from January 8 to January 23, plaintiff filed another fourteen documents (ECF ## 177, 178, 179, 180, 181, 182, 184, 185, 186, 187, 188, 190, 191, 192, 193, 195). In many of these documents plaintiff alleges, in addition to other arguments, that defense counsel and the court reporter at the second deposition committed fraud or tampered with evidence because, plaintiff asserts, they presented a fraudulent, fake, and tampered-with document in the second deposition.

The allegedly fake document is Exhibit 24, which is referred to in the deposition portion quoted above. It is a very short letter from plaintiff from 2012 requesting that she be relieved from being an on-call supervisor because of her

5

studies. Defendants had actually tried to ask about it in the first deposition, but plaintiff refused to answer whether it was a document she had written or any other questions about the document and its subject matter. (ECF# 117-1, First Deposition page 149 to 152).

Plaintiff has never explained why she believes this document is fraudulent. It is a document that plaintiff had in her possession and produced in discovery, and it is in fact the same letter that plaintiff used as her Exhibit 43 when she took the deposition of defendant Cheryl Campbell. (ECF # 183-2, Deposition of Cheryl Campbell). Although Exhibit 24 is a better photocopy than Exhibit 43 (it is slightly clearer and is straight on the page, as opposed to Exhibit 43 which is not straight), they are undoubtedly copies of the same document; the content is identical in all respects, including plaintiff's signature and the use of an equal sign instead of a hyphen in the word on-call, which is typed as "On=Call" in the document. (ECF # 183-1, Exhibit 24; ECF # 183-3, Exhibit 43). Plaintiff has filed numerous documents – including what she terms a criminal complaint and a motion for preliminary injunction – arguing that defense counsel and the court reporter have somehow committed fraud by using this "fake" document. Plaintiff's complaints about Exhibit 24 are fabrications.

Plaintiff willfully refused to comply with my order that she submit to further deposition. In the twenty-five motions, objections, and memoranda that plaintiff

has filed since the date of that deposition, she has never attempted to explain a legal basis for her assertion of "privilege." Although plaintiff is representing herself *pro se*, she is an educated person (she has multiple graduate degrees) and she fully understands what she is required to do in representing herself. When she appeared in Court for the March 22, 2018 scheduling conference, she stated that she understood what was required to represent herself, and said she understood she would be required to follow the procedural rules. She obviously understands the Federal Rules of Civil Procedure because she cites them frequently; one of her objections in the deposition was that counsel showed her a copy of the Federal Rules of Civil Procedure that she believed was not the current version: "I object to the use of this book here. This is not the 2018 version. I will not refer to anything in this book because it's not the newest version." (Second Deposition p. 290, l. 5 to l. 8).

Notwithstanding her education and sophistication about the legal process, and even after several orders from the Court advising her that many of her filings were meritless, plaintiff has continued to file frivolous documents. After each order of the Court is issued, plaintiff files multiple objections and arguments explaining why the Court's rulings were wrong. Plaintiff has repeatedly abused the litigation process, and she has failed to comply with my Order to answer questions at her deposition.

7

Under Rule 37(b)(2), a court may impose "just" sanctions against a party for failing to obey a discovery order. Rule 37 sanctions "are an invaluable penalty and deterrent to be employed by district courts to thwart discovery abuse." *First Am. State Bank v. Cont'l Ins. Co.*, 897 F.2d 319, 331 (8th Cir. 1990). "Dismissal under Rule 37 is permitted only where there is an order compelling discovery, a willful violation of the order, and prejudice." *Burgett v. General Store No. Two, Inc.,* 727 Fed. Appx. 898, 899 (8th Cir. 2018), citing *Comstock v. UPS Ground Freight, Inc.,* 775 3d 990, 992 (8th Cir. 2014). Dismissal is a severe sanction, and should not be imposed lightly. *See Sentis Group, Inc. v. Shell Oil Co.,* 559 F.3d 888, 899-900 (8th Cir. 2009). And of course, the Court should not dismiss a case as a sanction if there are lesser sanctions that would provide appropriate relief. *See Brennan v. Qwest Comm., Int'l, Inc.,* No. 07-2024ADM/JSM, 2009 WL 1586721 at * 9 (D. Minn. June 4, 2009).

Plaintiff's behavior was willful, for the reasons stated above. Her refusal to answer even whether a document she herself had used in a deposition was in fact a document she wrote is just one example. And defendants have undoubtedly been prejudiced by her misconduct. They have already spent the time on two fruitless depositions, and have been required to file and brief two motions that would not have been needed had plaintiff complied with the rules and the Court's order. The case has been delayed, and further delay would be caused by an additional

deposition.  An additional deposition is not likely to be any more successful than the last two.

I have carefully considered whether sanctions less severe than dismissal could cure the problems that plaintiff's conduct has caused in this case.  After her first refusal to participate properly in her deposition, I ordered that she appear again and I instructed her that she was obligated to answer the questions.  Of course I provided an exception for privilege, but that did not give license to plaintiff to again simply refuse to answer questions and recite – with absolutely no legal basis – that she was doing so because of some unspecified "privilege."  Given her conduct in both depositions, I conclude that plaintiff would continue that behavior in any additional deposition.  Plaintiff is not likely to comply with sanctions ordering her to pay money, and in any event, that would not solve the problem of defendant's not being provided with discovery.  Given plaintiff's refusal to follow the rules, excluding certain evidence from trial would be a fruitless exercise, because plaintiff is not likely to comply with such an order.

Enough is enough.  Although plaintiff might have had some kind of a claim that could have been allowed to proceed, her conduct in this case has deprived defendants of their right to defend against her claims.  Plaintiff has repeatedly shown that she is not willing to comply with the rules or the Orders of this Court.  When plaintiff's conduct in the depositions is considered in conjunction with her

other conduct in this litigation, it is clear that there are no lesser sanctions that would cure the endless problems that plaintiff's failure to follow the rules has caused. The only just solution at this point is dismissal of the case with prejudice.

This case is over. Because defendants are the prevailing party, plaintiff will be required to pay all taxable costs of this action. If plaintiff continues to file frivolous documents following this dismissal, the Court would consider reasonable requests for additional sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for sanctions [168] is granted, and plaintiff's complaint is dismissed with prejudice as a sanction for her willful failure and refusal to comply with the Court's Order compelling the continuation of her deposition.

**IT IS FURTHER ORDERED** that all of plaintiff's remaining motions are denied as being wholly without merit.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2019.