UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. PATT MCGUIRE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:17 CV 2818 CDP |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On February 7, 2019, the Court dismissed this case because of plaintiff's willful refusal to comply with Court orders and her abuse of the litigation process. The case is now before the Court on the many motions plaintiff has filed after the dismissal, and on defendants' bill of costs.

### Motion to Reconsider and for Reinstatement of Lawsuit

Plaintiff argues that the Court's dismissal was unjust because she is representing herself pro se, because she properly asserted a still-unspecified "privilege" in her refusal to answer questions in her deposition, because defendants and the court reporter used a "fake document," because the defendants and court reporter spoliated evidence or committed crimes by not providing her deposition errata sheet, because she be allowed to refuse to answer any questions about anything that happened on the job that was not specifically actionable as a claim of

discrimination in this case, because I stated in the order that she filed a document the day after one of the depositions when in fact she filed it the same day as the deposition, and because I was biased against her. She also filed a motion to reinstate the case because the missing errata sheet has now been provided.

Nothing in the motion to reconsider is new; I fully considered and rejected all of the arguments raised in that motion in my earlier order. I have nevertheless examined all of these arguments again and I again conclude that dismissal was the only just result in this case, for all the reasons stated in the earlier order. I have also reviewed the errata sheet, and conclude that it does not change anything. Although in the sheet she provided her own definition of "blackballing," she did not change or provide answers to any of the other numerous questions that she had refused to answer. I will deny the Motion for Reconsideration [202] and the Motion to Reinstate the case [208]. I will deny as moot plaintiff's later-filed Motion to Stay decision on the motion for reconsideration [211].

**Bill of Costs**

Defendants, who are entitled to recover their costs because they are the prevailing party, timely filed their Bill of Costs along with supporting documentation. They seek as taxable costs the $400 filing fee of the Clerk (which they paid when they removed this case from state court) and deposition costs totaling $4,494 for the depositions of they took of plaintiff and for copies of

depositions taken by plaintiff of defendants Cheryl Campbell, Marshall Day, Clifford Faddis and Thomas Burkemper.

Plaintiff objects to the taxation of costs, arguing that requiring her to pay defendants' costs would be unjust. She argues that the dismissal was based on incomplete information because her deposition errata sheet had not been provided earlier. I have now reviewed that errata sheet and it changes nothing. Her other arguments that assessing costs is unjust are similarly meritless. Additionally, her argument that filing fees and costs of depositions are not properly taxable as costs is directly contrary to 28 U.S.C. § 1920, which specifically lists these as costs that are taxable.

**Other Motions**

Plaintiff asks, as she has earlier, for the Court to bring criminal charges against defense counsel because they supposedly presented a "fake document" at the depositions. This request frivolous. As set out in the February 7 Memorandum and Order, the document is not fake – it is a document plaintiff wrote, that she produced in discovery, and that she herself used in taking the deposition of one of the defendants.

Plaintiff has also filed several motions regarding how the Clerk of Court files her documents. These motions are also without merit and will be denied.

Accordingly,

3

**IT IS HEREBY ORDERED** that plaintiff's Motion for Reconsideration [202], Motion to Clerk to Correct Error on Filing [207], Motion to Reinstate Lawsuit [208], Motion to Allow Each Document filed to be a Stand Alone Document [214], and Motion to Include Criminal Charges [215] are DENIED.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Stay Motion for Reconsideration [211] is denied as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion for Bill of Costs [204, 205] is granted and the Clerk of Court shall tax as costs against plaintiff the sum of $4,894 as set out in the Bill of Costs.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of April, 2019.